**WO**                                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Terell Adam Gray, | ) | No. CV 12-1400-PHX-GMS (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph M. Arpaio, et al., | ) | |
| Defendants. | ) | |

Plaintiff Terell Adam Gray, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  Plaintiff has also filed a motion for a fast and speedy trial. (Doc. 5.) The Court will dismiss the Complaint with leave to amend and deny the motion.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

JDDL-K

1   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

2   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

3   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

4   be granted, or that seek monetary relief from a defendant who is immune from such relief.

5   28 U.S.C. § 1915A(b)(1), (2).

6       A pleading must contain a "short and plain statement of the claim *showing* that the

7   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

8   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

9   unlawfully-harmed-me accusation."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

10  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

11  statements, do not suffice."  <u>Id.</u>

12      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

13  claim to relief that is plausible on its face.'"  <u>Id.</u> (quoting <u>Bell Atlantic Corp. v. Twombly</u>,

14  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

15  that allows the court to draw the reasonable inference that the defendant is liable for the

16  misconduct alleged."  <u>Id.</u>  "Determining whether a complaint states a plausible claim for

17  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

18  experience and common sense."  <u>Id.</u> at 1950.  Thus, although a plaintiff's specific factual

19  allegations may be consistent with a constitutional claim, a court must assess whether there

20  are other "more likely explanations" for a defendant's conduct.  <u>Id.</u> at 1951.

21      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

22  must "continue to construe *pro se* filings liberally."  <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th

23  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

24  than formal pleadings drafted by lawyers.'"  <u>Id.</u> (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89,

25  94 (2007) (*per curiam*)).

26      If the Court determines that a pleading could be cured by the allegation of other facts,

27  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

28  action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

**III.    Complaint**

Plaintiff alleges three counts for denial of constitutionally-adequate medical care, denial of a religious diet, and tampering with his mail. Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio; the Maricopa County Sheriff's Office (MCSO); Maricopa County; the Phoenix Police Department; and Phoenix Police Officer Charles Baber. Plaintiff seeks injunctive and compensatory relief.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.    MCSO**

Plaintiff sues MCSO; however, it is not a proper defendant under § 1983. Claims under § 1983 are directed at "bodies politic and corporate." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 688-89 (1978). Under the Civil Rights Act of 1871, Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies. Id. at 689-690. In Arizona, the responsibility for operating jails and caring for prisoners is placed by law upon the sheriff and the County. See A.R.S. §§ 11-251(8), 11-291(A), 11-441(A)(5), 31-101. MCSO is simply an administrative creation of the sheriff

to allow him to carry out his statutory duties; it is not a "person" amenable to suit pursuant to § 1983.  See e.g., Petaway v. City of New Haven Police Dep't, 541 F. Supp.2d 504 (D. Conn. 2008); Pahle v. Colebrookdale Tp., 227 F. Supp.2d 361 (E.D. Pa. 2002).  Accordingly, MCSO will be dismissed from this action as the Defendant.

**B.     City of Phoenix Police Department**

Plaintiff also sues the City of Phoenix Police Department.  A municipal police department is not a "person" within the meaning of § 1983.  See e.g., Petaway, 541 F. Supp.2d at 504; Pahle, 227 F. Supp.2d at 361.  However, a municipality, such as a city or county, is a "person" for purposes of § 1983 and may be sued.  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell, 436 U.S. at 694.  To state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality.  Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at 690-91); Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989)).  Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.  Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

The City of Phoenix Police Department is not a proper Defendant and it will be dismissed.  To the extent that Plaintiff is attempting to sue the City of Phoenix, he fails to allege facts to support that the City of Phoenix maintained a policy or custom that resulted in the violation of Plaintiff's federal constitutional rights or to explain how his injuries were caused by any municipal policy or custom.  Accordingly, Plaintiff also fails to state a claim against the City of Phoenix.

/      /      /

C.    **Maricopa County**

Plaintiff also sues Maricopa County.  As discussed above, a municipality, such as a county, may be sued pursuant to § 1983.  But to state a claim against a municipality, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality.  <u>Cortez</u>, 294 F.3d at 1188; <u>Thompson</u>, 885 F.2d at 1443.  A municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  <u>Long</u>, 442 F.3d at 1185.  As stated above,  a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.  <u>Sadoski</u>, 435 F.3d at 1080.

Plaintiff fails to allege any facts against Maricopa County.  He does not allege facts to support that Maricopa County maintained a policy or custom that resulted in the violation of his federal constitutional rights nor does he explain how any injury was caused by a municipal policy or custom.  Accordingly, Maricopa County will be dismissed for failure to state a claim against it.

D.    **Sheriff Arpaio and Officer Baber**

Plaintiff also sues Sheriff Arpaio and Phoenix Police Officer Baber.  While Arpaio and Baber may properly be sued, Plaintiff fails to state a claim against either of them.

To state a claim against a particular individual Defendant, a "plaintiff must allege facts, not simply conclusions, that show that [the] individual was personally involved in the deprivation of his civil rights."  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  <u>See</u> <u>Cortez</u>, 294 F.3d at 1188.  In addition, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  <u>Monell</u>, 436 U.S. at 691; <u>Taylor</u>, 880 F.2d at 1045.  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the

1   supervisor participated in or directed the violations, or knew of the violations and failed to

2   act to prevent them."  Taylor, 880 F.2d at 1045.

3       Plaintiff fails to mention either Arpaio or Baber in any count of his Complaint.  He

4   does not allege facts to support that either directly violated his civil rights.  He also fails to

5   allege facts to support that his civil rights were violated by Arpaio or Baber pursuant to a

6   policy, custom, or practice.  Accordingly, Plaintiff fails to state a claim against Arpaio or

7   Baber and they will be dismissed.

8       **E.     Count I**

9       Plaintiff designates Count I as a claim for denial of medical care.  He also appears to

10  be attempting to assert a claim concerning his conditions of confinement at the Durango Jail.

11      **1.     Conditions of Confinement**

12      Plaintiff in part appears to be seeking relief regarding his conditions of confinement

13  at the Durango Jail.  A prison inmate's claim for unconstitutional conditions of confinement

14  arises under the Eighth Amendment, Bell v. Wolfish, 441 U.S. 520 (1979), while a pretrial

15  detainee's claim for unconstitutional conditions arises under the Fourteenth Amendment,

16  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Nevertheless, the same standard is

17  applied.  See Frost, 152 F.3d at 1128.  To state a claim for unconstitutional conditions of

18  confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the

19  inmate of "the minimal civilized measure of life's necessities" and that the defendant acted

20  with deliberate indifference to an excessive risk to inmate health or safety.  Allen v. Sakai,

21  48 F.3d 1082, 1087 (9th Cir. 1994) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994));

22  see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  Whether

23  conditions of confinement rise to the level of a constitutional violation may depend, in part,

24  on the duration of an inmate's exposure to those conditions.  Keenan v. Hall, 83 F.3d 1083,

25  1089, 1091 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)).  "'The

26  circumstances, nature, and duration of a deprivation of [] necessities must be considered in

27  determining whether a constitutional violation has occurred.'"  Hearns v. Terhune, 413 F.3d

28  1036, 1042 (9th Cir. 2005) (quoting Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000)).

1   Further, to adequately allege deliberate indifference, a plaintiff must allege facts to support

2   that a defendant knew of, but disregarded, an excessive risk to inmate safety.  Farmer, 511

3   U.S. at 832-33.  That is, "the official must both [have been] aware of facts from which the

4   inference could be drawn that a substantial risk of serious harm exist[ed], and he must also

5   [have] draw[n] the inference."  Id.

6       Plaintiff alleges the following in Count I:  on May 3, 2012, he was housed at the

7   Durango Jail.  His cell there contained a "massive amount of mold", dry rust, and asbestos.

8   (Doc. 1 at 3.)  He now has "multiple signs of pre medifilioma disease" and suffers from

9   stomach bleeding, which he did not suffer prior to being confined at Durango Jail.

10      As an initial matter, Plaintiff fails to allege the period during which he was housed in

11  the complained of conditions.  Plaintiff also fails to allege facts to support that his exposure

12  to mold or rust posed an excessive risk to his safety and his bare allegation that he was

13  exposed to asbestos is insufficient to support a claim that his constitutional rights were

14  violated.  See 16 C.F.R. § 1304.4 (the Consumer Product Safety Commission banned as

15  hazardous products containing intentionally-added, respirable free-form asbestos "[o]n the

16  basis that *airborne asbestos fibers* present the hazards of cancer, including lung cancer and

17  mesothelioma" (emphasis added)).  Plaintiff does not allege that he has been exposed to

18  airborne asbestos fibers.

19      Even if Plaintiff had sufficiently alleged facts to support that his conditions of

20  confinement posed an excessive risk, Plaintiff fails to set forth facts to support that any

21  Defendant acted with deliberate indifference to such excessive risk.  That is, Plaintiff has not

22  alleged facts to support that any Defendant knew, or should have known, that the

23  complained-of conditions posed an excessive risk to Plaintiff, but nevertheless failed to act

24  to alleviate the risk.  For these reasons, Plaintiff fails to state a claim for unconstitutional

25  conditions of confinement in Count I and it will be dismissed.

26      **2.    Medical Care**

27      Plaintiff designated Count I as a claim for denial of medical care.  However, not every

28  claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth

or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  Jett, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference."  Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs."  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction

1  of pain." <u>Estelle</u>, 429 U.S. at 105.

2       Plaintiff alleges the following: he has suffered from heavy stomach bleeding and made

3  "countless" visits to the Fourth Avenue Jail nurse.  (Doc. 1 at 3.)  On May 20, 2012, he was

4  rushed to the hospital where he was informed that he may have hemorrhoids.  Plaintiff also

5  has been suffering "terrible chest pain" and internal bleeding.  (<u>Id.</u>)

6       Plaintiff fails to allege facts concerning the duration and severity of his symptoms.

7  Even assuming that Plaintiff adequately alleged facts to support that he has a serious medical

8  need, Plaintiff wholly fails to allege facts to support that any *Defendant*, or anyone else, acted

9  with deliberate indifference to such needs.  For example, Plaintiff does not allege when,

10  where, and whom he informed of his chest pains, and any response.  He also does not allege

11  facts to support that any care for his internal bleeding was medically inappropriate, in

12  addition to when, where, and by whom he was provided or denied care for that condition.

13  Indeed, Plaintiff acknowledges that he has been seen by a nurse numerous times and that he

14  was rushed to the hospital.  Because Plaintiff fails to allege facts to support that a Defendant,

15  or anyone else, acted with deliberate indifference to his medical needs, Plaintiff fails to state

16  a claim based on constitutionally-deficient medical care in Count I.

17       **F.     Count II**

18       Plaintiff designates Count II as a claim for denial of a religious diet in violation of his

19  free exercise rights.  An inmate may bring a claim for violation of his religious exercise

20  rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C.

21  §§ 2000cc-2000cc-5, and the First Amendment.  RLUIPA prohibits the government from

22  imposing a substantial burden on the religious exercise of an institutionalized person unless

23  the government establishes that the burden furthers a "compelling governmental interest" and

24  does so by "the least restrictive means."  42 U.S.C. § 2000cc-1(a)(1) - (2).  Therefore, to state

25  a claim under RLUIPA, a plaintiff must allege facts to support that government action has

26  substantially burdened the exercise of the plaintiff's religion without a compelling

27  government interest and by the least restrictive means.  <u>See</u> <u>Guam v. Gurerrero</u>, 290 F.3d

28  1210, 1222 (9th Cir. 2002).  "[A] 'substantial burden' on 'religious exercise' must impose

JDDL-K

1   a significantly great restriction or onus upon such exercise." <u>Warsoldier v. Woodford</u>, 418

2   F.3d 989, 995 (9th Cir. 2005) (quotations omitted).  Thus, an institutionalized person's

3   religious exercise is substantially burdened "'where the state . . . denies [an important

4   benefit] because of conduct mandated by religious belief, thereby putting substantial pressure

5   on an adherent to modify his behavior and to violate his belief.'" <u>Id.</u>

6        In addition, "[i]nmates clearly retain protections afforded by the First Amendment,

7   including its directive that no law shall prohibit the free exercise of religion." <u>O'Lone v.</u>

8   <u>Estate of Shabazz</u>, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted).

9   However, free exercise rights are "necessarily limited by the fact of incarceration, and may

10  be curtailed in order to achieve legitimate correctional goals or to maintain prison security."

11  <u>Id.</u>  To state a First Amendment free exercise claim, a plaintiff must allege that a defendant

12  substantially burdened his religious practice without a justification reasonably-related to

13  legitimate penological interests.  <u>Shakur v. Schriro</u>, 514 F.3d 878 (9th Cir. 2008); <u>Malik v.</u>

14  <u>Brown</u>, 16 F.3d 330, 333 (9th Cir. 1994); <u>Warsoldier</u>, 418 F.3d at 995 (citing <u>Thomas v.</u>

15  <u>Review Bd. of the Ind. Employment Sec. Div.</u>, 450 U.S. 707, 717-18 (1981) (pressure on

16  exercise must be substantial)); <u>Canell v. Lightner</u>, 143 F.3d 1210, 1215 (9th Cir. 1998)

17  (same).  The religious practice or exercise at issue must be rooted in sincerely-held religious

18  belief and not in "'purely secular' philosophical concerns." <u>Malik</u>, 16 F.3d at 333 (internal

19  citation omitted).

20       Plaintiff alleges the following: Plaintiff is a Muslim and has submitted "countless

21  kites" asking for a "Hulam Diet."  (Doc. 1 at 4.)  He submitted an additional kite requesting

22  a religious diet for Ramadan for which fasting was to begin on July 20, 2012.

23       Plaintiff fails to allege when, where, and from whom he requested a religious diet and

24  any response.  He also fails to allege that the denial of a religious diet substantially burdened

25  his religious exercise.  Moreover, Plaintiff fails to allege facts to support that any *Defendant*

26  violated his religious exercise rights, including when and how.  For these reasons, Plaintiff

27  fails to state a claim in Count II.

28  /        /        /

1

        **G.     Count III**

2          In Count III, Plaintiff states that he has "no doubt" that his mail is being tampered

3   with.  He states that "[a]ll mail must be readable to the public eye, I feel violated.  I'm not

4   able to receive any letters."  (Doc. 1 at 5.)

5          An inmate retains First Amendment rights not inconsistent with his status as a prisoner

6   or with legitimate penological objectives of the corrections system.  See Shaw v. Murphy,

7   532 U.S. 223, 231 (2001); Clement v. California Dep't of Corr., 364 F.3d 1148, 1151 (9th

8   Cir. 2004).  This includes the First Amendment right to send and receive mail.  Witherow v.

9   Paff, 52 F.3d 264, 265 (9th Cir. 1995).  However, that "right is subject to 'substantial

10  limitations and restrictions in order to allow prison officials to achieve legitimate correctional

11  goals and maintain institutional security.'"  Prison Legal News v. Lehman, 397 F.3d 692, 699

12  (9th Cir. 2005); Morrison v. Hall, 261 F.3d 896 (9th Cir. 2001); Prison Legal News v. Cook,

13  238 F.3d 1145 (9th Cir. 2001).  For example, "[p]revention of criminal activity and the

14  maintenance of prison security are legitimate penological interests which justify the

15  regulation of both incoming and outgoing prisoner mail."  O'Keefe v. Van Boening, 82 F.3d

16  322, 326 (9th Cir. 1996); Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993) (jail

17  had legitimate security interest in inspecting detainees' mail for contraband); Martin v.

18  Tyson, 845 F.2d 1451, 1456-57 (7th Cir. 1988) (same); Murray v. Edwards County Sheriff's

19  Dep't, 453 F. Supp. 2d 1280, 1294 (D. Kan. 2006).  Further, to state a claim, a plaintiff must

20  allege facts to support that a defendant actually and proximately caused the deprivation of

21  his First Amendment rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

22         As with Plaintiff's other claims, he fails to allege facts to support when, where, how

23  and who tampered with his mail.  Thus, he also fails to allege facts to support that any

24  Defendant actually and proximately tampered with his mail.  Accordingly, Plaintiff fails to

25  state a First Amendment violation in Count III and it will be dismissed.

26  **V.    Leave to Amend**

27         For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

28  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.   Plaintiff's Motion**

As noted above, Plaintiff has filed a motion seeking a fast and speedy trial in this civil case.  (Doc. 5.)  Plaintiff's motion will be denied for two reasons.  First, to the extent that Plaintiff is attempting to invoke Sixth Amendment speedy trial rights, such rights apply to criminal proceedings and not to civil cases, like this one.  See Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 706-707 (9th Cir. 1992); Lietzke v. City of Montgomery, No. 12CV0135, 2012 WL 2327708, at *2 (D. Ida. June 19, 2012) (citing 18 U.S.C. § 3161).  Second, trial in this matter is premature prior to the filing of an amended complaint in which Plaintiff states a constitutional claim against one or more Defendants, such Defendants are served and respond, and the parties have an opportunity to conduct discovery and to file dispositive motions.  For these reasons, Plaintiff's motion will be denied.

**VII.   Warnings**

    **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

/      /      /

JDDL-K

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(6)     Plaintiff's motion for a fast and speedy trial is **denied**.  (Doc. 5.)

DATED this 16th day of August, 2012.

G. Murray Snow
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed** *in forma pauperis* **to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,        )
(Full Name of Plaintiff)        Plaintiff,  )
                                            )
                    vs.                     )   **CASE NO.** _____
                                            )        (To be supplied by the Clerk)
(1) _____ ,    )
(Full Name of Defendant)                    )
(2) _____ ,    )
                                            )
(3) _____ ,    )   **CIVIL RIGHTS COMPLAINT**
                                            )   **BY A PRISONER**
(4) _____ ,    )
                    Defendant(s).           )   ☐ Original Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ First Amended Complaint
                                            )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
         ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
   <span style="display:block;text-align:center">(Position and Title)                                                        (Institution)</span>

2.  Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   <span style="display:block;text-align:center">(Position and Title)                                                        (Institution)</span>

3.  Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   <span style="display:block;text-align:center">(Position and Title)                                                        (Institution)</span>

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   <span style="display:block;text-align:center">(Position and Title)                                                        (Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                 ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?                      ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?             ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities              ☐ Mail                  ☐ Access to the court         ☐ Medical care

☐ Disciplinary proceedings       ☐ Property              ☐ Exercise of religion        ☐ Retaliation

☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.   **Administrative Remedies.**

   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes      ☐ No

   b.   Did you submit a request for administrative relief on Count II?            ☐ Yes      ☐ No

   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No

   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____ .

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____ .

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
       at your institution?      ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?   ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
       you did not. _____
       _____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                      SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.