1  **WO**                                                                                          SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8
   Terell Adam Gray,                    )    No. CV 12-1400-PHX-GMS (DKD)
9                                        )
                Plaintiff,               )    **ORDER**
10                                       )
   vs.                                   )
11                                       )
   Joseph M. Arpaio, et al.,             )
12                                       )
                Defendants.              )
13 _____       )

14         Plaintiff Terell Adam Gray, who is confined in the Lower Buckeye Jail in Phoenix,

15 Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court

16 dismissed for failure to state a claim with leave to amend.  (Doc. 1, 6.)  Plaintiff has filed a

17 First Amended Complaint.  (Doc. 8.)  The Court will dismiss the First Amended Complaint

18 for failure to state a claim with leave to amend.

19 **I.     Statutory Screening of Prisoner Complaints**

20         The Court is required to screen complaints brought by prisoners seeking relief against

21 a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

22 § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

23 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

24 be granted, or that seek monetary relief from a defendant who is immune from such relief.

25 28 U.S.C. § 1915A(b)(1), (2).

26         A pleading must contain a "short and plain statement of the claim *showing* that the

27 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

28 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

JDDL-K

1  unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

2  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3  statements, do not suffice." <u>Id.</u>

4          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

5  claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Bell Atlantic Corp. v. Twombly</u>,

6  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

7  that allows the court to draw the reasonable inference that the defendant is liable for the

8  misconduct alleged." <u>Id.</u>  "Determining whether a complaint states a plausible claim for

9  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

10 experience and common sense." <u>Id.</u> at 1950.  Thus, although a plaintiff's specific factual

11 allegations may be consistent with a constitutional claim, a court must assess whether there

12 are other "more likely explanations" for a defendant's conduct.  <u>Id.</u> at 1951.

13         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

14 must "continue to construe *pro se* filings liberally." <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th

15 Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

16 than formal pleadings drafted by lawyers.'" <u>Id.</u> (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89,

17 94 (2007) (*per curiam*)).

18         If the Court determines that a pleading could be cured by the allegation of other facts,

19 a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

20 action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

21 should not, however, advise the litigant how to cure the defects.  This type of advice "would

22 undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225,

23 231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was

24 required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's First

25 Amended Complaint for failure to state a claim, but because it may possibly be saved by

26 amendment, the Court will dismiss it with leave to amend.

27 **II.     First Amended Complaint**

28         Plaintiff alleges three counts for denial of constitutionally-adequate medical care,

1   tampering with his mail, and unconstitutional conditions of confinement.  Plaintiff sues only
2   Maricopa County Sheriff Joseph M. Arpaio.  Plaintiff seeks injunctive and compensatory
3   relief.

**III.    Failure to State a Claim**

5       To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
6   conduct about which he complains was committed by a person acting under the color of state
7   law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.
8   Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional
9   claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of
10  a particular defendant and he must allege an affirmative link between the injury and the
11  conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

12      In addition, to state a claim against a particular individual Defendant, a "plaintiff must
13  allege facts, not simply conclusions, that show that [the] individual was personally involved
14  in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.
15  1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the
16  official acted as a result of a policy, practice, or custom.  See Cortez, 294 F.3d at 1188.  In
17  addition, there is no *respondeat superior* liability under § 1983, so a defendant's position as
18  the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not
19  make him liable.  Monell, 436 U.S. at 691; Taylor, 880 F.2d at 1045.  A supervisor in his
20  individual capacity, "is only liable for constitutional violations of his subordinates if the
21  supervisor participated in or directed the violations, or knew of the violations and failed to
22  act to prevent them."  Taylor, 880 F.2d at 1045.

**A.    Count I**

24      Plaintiff designates Count I as a claim for denial of constitutionally-adequate medical
25  care.  Not every claim by a prisoner relating to inadequate medical treatment states a
26  violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a
27  plaintiff must show that the defendants acted with "deliberate indifference to serious medical
28  needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429

1   U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating

2   that failure to treat the condition could result in further significant injury or the unnecessary

3   and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.

4   Jett, 439 F.3d at 1096 (quotations omitted).

5       "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,

6   1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know

7   of and disregard an excessive risk to inmate health; "the official must both be aware of facts

8   from which the inference could be drawn that a substantial risk of serious harm exists, and

9   he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  Deliberate

10  indifference in the medical context may be shown by a purposeful act or failure to respond

11  to a prisoner's pain or possible medical need and harm caused by the indifference.  Jett, 439

12  F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally

13  denies, delays, or interferes with medical treatment or by the way prison doctors respond to

14  the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

15      Deliberate indifference is a higher standard than negligence or lack of ordinary due

16  care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross

17  negligence will constitute deliberate indifference." Clement v. California Dep't of Corr., 220

18  F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458,

19  460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice"

20  do not support a claim under § 1983).  "A difference of opinion does not amount to deliberate

21  indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242

22  (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim

23  against prison officials for deliberate indifference.  See Shapley v. Nevada Bd. of State

24  Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.

25  The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429

26  U.S. at 105.

27      Plaintiff alleges the following: beginning on May 12, 2012, Plaintiff began having

28  blackouts and rectal bleeding.  In addition, since his confinement in the Durango Jail,

Plaintiff has had terrible chest pains due an "unlarging ulser [sic]".  Plaintiff asserts that "a lot of it was caused after consuming the large amount of asbestos and mold" in the dormitory where he was housed between May 2, 2012 and May 16, 2012.   Plaintiff states that "its" getting worse and that he still has not been treated, but acknowledges that he saw a Jail doctor on September 6, 2012 and she conducted a rectal examination and found blood in Plaintiff's stool.   The doctor told Plaintiff that something would be done, but as of submission of his First Amended Complaint, nothing had happened.  Plaintiff's condition has worsened and he believes that he should be taken to a hospital.  Plaintiff asserts that "Arpaio inforces [sic] policy medical and non-medical."  (Doc. 8 at 3.)

Assuming that Plaintiff has adequately alleged facts to support that he has a serious medical need, he fails to allege *facts* to support that the only Defendant, Sheriff Arpaio, has acted with deliberate indifference to Plaintiff's medical needs.  Plaintiff does not allege facts to support that Arpaio has any knowledge of Plaintiff's medical needs or that Arpaio has promulgated or endorsed policies or customs resulting in the denial of appropriate medical care.  Further, Plaintiff acknowledges that he has been seen by a physician, albeit apparently after some delay.[1]  Because Plaintiff fails to allege facts to support that Arpaio, or anyone else, acted with deliberate indifference to his medical needs, Plaintiff fails to state a claim in Count I.

## B.   Count II

Plaintiff designates Count II as a claim concerning his mail.  An inmate retains First Amendment rights not inconsistent with his status as a prisoner and with legitimate penological objectives of the corrections system.  See Shaw v. Murphy, 532 U.S. 223, 231 (2001); Clement v. California Dep't of Corr., 364 F.3d 1148, 1151 (9th Cir. 2004).  Thus, an inmate has a First Amendment right to receive mail; however, that "right is subject to 'substantial limitations and restrictions in order to allow prison officials to achieve legitimate

---

[1]  Plaintiff does not allege when, where, or how he sought medical attention for his conditions.  Nor does he allege when, where, and how he notified medical staff of his symptoms.  Thus, the Court is unable to determine the length of delay before Plaintiff was seen by a physician.

1   correctional goals and maintain institutional security.'" <u>Prison Legal News v. Lehman</u>, 397

2   F.3d 692, 699 (9th Cir. 2005); <u>Morrison v. Hall</u>, 261 F.3d 896 (9th Cir. 2001); <u>Prison Legal

3   News v. Cook</u>, 238 F.3d 1145 (9th Cir. 2001). A prisoner also has a Fourteenth Amendment

4   due process liberty interest in receiving notice that his incoming mail is being withheld by

5   prison authorities. <u>Frost v. Symington</u>, 197 F.3d 348, 353 (9th Cir. 1999). Nevertheless, jails

6   and prisons may regulate the processing of inmate mail so long as those regulations further

7   an important or substantial government interest other than the suppression of expression. <u>See

8   Procunier v. Martinez</u>, 416 U.S. 396, 411-12 (1974), <u>overruled on other grounds</u>, <u>Thornburgh

9   v. Abbott</u>, 490 U.S. 401, 412-414 (1989)); <u>Valdez v. Rosenbaum</u>, 302 F.3d 1039, 1048 (9th

10  Cir. 2002) (jail personnel may regulate speech if a restriction is reasonably related to

11  legitimate penological interests and an inmate is not deprived of all means of expression,

12  citing <u>Turner v. Safley</u> , 482 U.S. 78, 92 (1986)). Thus, jails and prisons may regulate the

13  processing of inmate mail so long as those regulations further an important or substantial

14  government interest other than the suppression of expression. <u>See</u> <u>Procunier</u>, 416 U.S. at

15  411-12, 413-14. "Prevention of criminal activity and the maintenance of prison security are

16  legitimate penological interests which justify the regulation of both incoming and outgoing

17  prisoner mail." <u>O'Keefe v. Van Boening</u>, 82 F.3d at 326.

18      Plaintiff alleges the following: on September 14, 2012, an another inmate received one

19  of Plaintiff's letters from Deputy Hawkin. The inmate was able to read Plaintiff's "personal

20  info." (Doc. 8 at 4.) Further, inmates are only provided postcards so that any information

21  contained on a postcard can be read by others. In addition, Arpaio enforces a "no letter"

22  policy so that inmates are unable to receive letters. (<u>Id.</u>) Plaintiff contends that policy poses

23  a hazard to inmates like him who are in protective custody because sensitive information may

24  be leaked to other inmates who will target him.

25      Plaintiff fails to allege facts to support that the mail restrictions are not reasonably

26  related to legitimate penological interests. He also fails to allege facts to support that the

27  policy was intended to suppress expression or communication, rather than to further

28  legitimate penological interests. To the extent that Plaintiff asserts the policies pose a hazard,

JDDL-K                                      - 6 -

1  Plaintiff's allegations are speculative and he fails to allege facts to support that the polices
2  pose a substantial threat to Plaintiff's safety.  Accordingly, Plaintiff fails to state a claim in
3  Count II.

4      **C.      Count III**

5      Plaintiff designates Count III as a claim concerning basic necessities, which the Court
6  construes as a claim concerning his conditions of confinement in County Jails.  A prison
7  inmate's claim for unconstitutional conditions of confinement arises under the Eighth
8  Amendment, Bell v. Wolfish, 441 U.S. 520 (1979), while a pretrial detainee's claim for
9  unconstitutional conditions arises under the Fourteenth Amendment, Frost v. Agnos, 152
10 F.3d 1124, 1128 (9th Cir. 1998).  Nevertheless, the same standard is applied.  See Frost, 152
11 F.3d at 1128.  To state a claim for unconstitutional conditions of confinement, a plaintiff
12 must allege that a defendant's acts or omissions have deprived the inmate of "the minimal
13 civilized measure of life's necessities" and that the defendant acted with deliberate
14 indifference to an excessive risk to inmate health or safety.  Allen v. Sakai, 48 F.3d 1082,
15 1087 (9th Cir. 1994) (citing Farmer, 511 U.S. at 834); see Estate of Ford v. Ramirez-Palmer,
16 301 F.3d 1043, 1049-50 (9th Cir. 2002).  Whether conditions of confinement rise to the level
17 of a constitutional violation may depend, in part, on the duration of an inmate's exposure to
18 those conditions.  Keenan v. Hall, 83 F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing Hutto v.
19 Finney, 437 U.S. 678, 686-87 (1978)).  "'The circumstances, nature, and duration of a
20 deprivation of [] necessities must be considered in determining whether a constitutional
21 violation has occurred.'"  Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting
22 Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000)).

23     To adequately allege deliberate indifference, a plaintiff must allege facts to support
24 that a defendant knew of, but disregarded, an excessive risk to inmate safety.  Farmer, 511
25 U.S. at 832-33.  That is, "the official must both [have been] aware of facts from which the
26 inference could be drawn that a substantial risk of serious harm exist[ed], and he must also
27 [have] draw[n] the inference."  Id.

28     Plaintiff alleges the following in Count III: Sheriff Arpaio sets policy that provides

JDDL-K                                    - 7 -

1   that inmates will receive two meals a day.  A sack meal frequently contains rotten meat and

2   fruit, the bread is not completely baked and contains visible mold; and dinners do not contain

3   meat and are unsanitary.  The meals are prepared in kitchens that are full of unsafe building

4   materials, including lead and asbestos.  Arpaio also set a policy that requires staff to search

5   and confiscate any rationed or stored meals, but allows inmates who can afford to purchase

6   food from the commissary to possess those items.

7          With respect to meals, "[t]he Eighth Amendment requires only that prisoners receive

8   food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."

9   LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); see Frost, 152 F.3d at 1128 (applying

10  Eighth Amendment standard to a pretrial detainee's Fourteenth Amendment claims regarding

11  his conditions of confinement).  "'The fact that the food occasionally contains foreign objects

12  or sometimes is served cold, while unpleasant, does not amount to a constitutional

13  deprivation.'"  LeMaire, 12 F.3d at 1456 (citations omitted).  An inmate may, however, state

14  a claim where he alleges that he is served meals with insufficient calories for long periods

15  of time.  Id.

16         Plaintiff alleges that he receives only two meals a day and that inmates are not

17  permitted to store portions of the meals for later consumption, while inmates can retain

18  commissary items.  Plaintiff does not allege facts to support that *he* has received inadequate

19  nutrition or lost weight due to inadequate meals.  Further, the provision of two meals a day,

20  rather than three, absent the allegation of additional facts, does not rise to the level of a

21  constitutional violation.  Plaintiff's assertions that meals are cooked in unsanitary conditions

22  are vague and conclusory and Plaintiff does not allege facts to support that Arpaio has caused

23  meals to be prepared in unsanitary or unsafe conditions despite knowledge that doing so

24  poses an excessive risk to inmates.  That is, Plaintiff has not alleged facts to support that

25  Arpaio has acted with deliberate indifference.  For these reasons, Plaintiff fails to state a

26  claim in Count III.

27  /        /        /

28  **IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**V.     Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this

1  action.

2  **C.     Copies**

3  Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

4  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

5  to Plaintiff.

6  **D.     Possible "Strike"**

7  Because the First Amended Complaint has been dismissed for failure to state a claim,

8  if Plaintiff fails to file a second  amended complaint correcting the deficiencies identified in

9  this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C.

10  § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal

11  a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

12  prior occasions, while incarcerated or detained in any facility, brought an action or appeal

13  in a court of the United States that was dismissed on the grounds that it is frivolous,

14  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

15  under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

16  **E.     Possible Dismissal**

17  If Plaintiff fails to timely comply with every provision of this Order, including these

18  warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

19  1260-61 (a district court may dismiss an action for failure to comply with any order of the

20  Court).

21  **IT IS ORDERED:**

22  (1)     The First Amended Complaint (Doc. 8) is **dismissed** for failure to state a claim.

23  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in

24  compliance with this Order.

25  (2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

26  Court must, without further notice, enter a judgment of dismissal of this action with prejudice

27  that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

28  (3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

1   rights complaint by a prisoner.

2          DATED this 13th day of November, 2012.

3

4                          *A. Murray Snow*
                           _____

5                                /G. Murray Snow
                                 United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| | | |
|---|---|---|
| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
                                               )
(Full Name of Plaintiff)         Plaintiff,    )
                                               )
                     vs.                       )   **CASE NO.** _____
                                               )        (To be supplied by the Clerk)
(1)_____ ,     )
(Full Name of Defendant)                       )
                                               )
(2)_____ ,     )
                                               )   **CIVIL RIGHTS COMPLAINT**
(3)_____ ,     )   **BY A PRISONER**
                                               )
(4)_____ ,     )
                      Defendant(s).            )   ☐ Original Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ First Amended Complaint
                                               )   ☐ Second Amended Complaint


## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    - ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

**550/555**

**B.  DEFENDANTS**

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                              (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                              (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                              (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                        ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count I?               ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?      ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not.  _____
        _____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities       ☐ Mail       ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?       ☐ Yes    ☐ No
  b.   Did you submit a request for administrative relief on Count II?       ☐ Yes    ☐ No
  c.   Did you appeal your request for relief on Count II to the highest level?       ☐ Yes    ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property            ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                    DATE                           SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.